Douglas, J.,
concurring. I concur in the judgment of the majority to dismiss this case. I do so, among other reasons, because neither the Clerk of this court nor the Reporter of this court has any direct role in issuing, implementing, or enforcing local rules. The Clerk’s only duty is to receive a local rule when filed with this court and to place the document in a file. Likewise, the Reporter of this court has no function, including any duty to publish, with regard to any local rule.
Accordingly, the Clerk’s duty is entirely ministerial. The Reporter’s duty is nonexistent.
I also write to make an additional point. App.R. 41(A) allows courts of appeals to “adopt rules concerning local practice in their respective courts that are not *54 inconsistent with the rules promulgated by the Supreme Court.” App.R. 41(B) provides, “Local rules shall be adopted only after the court gives appropriate notice and an opportunity for comment. If the court determines that there is an immediate need for a rule, the court may adopt the rule without prior notice and opportunity for comment, but promptly shall afford notice and opportunity for comment.” (Emphasis added.)
Webster & Webster, LLP, and David B. Webster; Jeffrey M. Gamso; Richard B. Saphire; and Raymond V Vasvari, Jr., for relators.
Betty D. Montgomery, Attorney General, and Elise Porter, Assistant Attorney General, for respondents.
I am aware of Judge Patton’s concurring opinion in Miller v. Miller (2000), 139 Ohio App.3d 512, 521, 744 N.E.2d 778, 785, wherein Judge Patton stated, with regard to the rule in question, that “[w]e have invited public comment on the proposed amendment to Loc.R. 22 pending a final vote on the rule.” However, the record before us is silent on compliance with App.R. 41(B). If App.R. 41(B) was not followed, I suggest, then, that the promulgated rule, Loc.R. 22(C) of the Cuyahoga County Court of Appeals, has no force or effect.